# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# NORTHERN DIVISION
# AT ASHLAND

**CIVIL ACTION NO. 13-118-HRW-CJS**

| | |
|---|---|
| **JAMES AUSTIN** | **PLAINTIFF** |
| v. | **REPORT AND RECOMMENDATION** |
| **KEVIN DENNIS** | **DEFENDANT** |

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court on Plaintiff's repeated failure to comply with Court-ordered deadlines and his failure to prosecute the case. *Pro se* Plaintiff James Austin has failed to comply with this Court's Order to immediately advise the Clerk of any change in his current mailing address (R. 9, at 3), and has failed to respond to the Defendant's Motion for Summary Judgment (R. 25), as well as this Court's Order expressly requiring him to do so upon peril of the Court processing the Motion without hearing from the Plaintiff. (R. 26).

Rule 41(b) of the Federal Rules of Civil Procedure allows the Court, *sua sponte*, to dismiss a case if a plaintiff fails to prosecute or obey a court order. Accordingly, two formal deadlines for filing having passed, for the reasons that follow it will be herein **recommended** that Plaintiff's Complaint (R. 1) be **dismissed without prejudice** for failure to prosecute and failure to obey Court Orders.

## I.     PROCEDURAL HISTORY

In July 2013 Plaintiff Austin, then confined to the Luther Luckett Correctional Complex in LaGrange, Kentucky, filed this civil rights action against Sergeant Kevin Dennis. In his Complaint,

Plaintiff alleges that Defendant Kevin Dennis used excessive force to restrain the Plaintiff during a forced cell entry at the Eastern Kentucky Correctional Complex, allegedly subjecting the Plaintiff to cruel and unusual punishment in violation of the Eighth Amendment to the Constitution of the United States.

On August 19, 2013, the Court entered an initial order warning Austin that he must "immediately advise the Ashland Clerk's Office of any change in his current mailing address. Failure to do so may result in dismissal of this case." (R. 9, at 3). After Defendant was served with process, Defendant filed a Motion for Summary Judgment. (R. 25). Austin did not respond to Defendant's Motion. After Austin failed to respond, on August 8, 2014, the Court ordered him to file his Response to Defendant's Motion for Summary Judgment within 14 days. In doing so, the Court expressly warned him that if he failed to respond, it would proceed to process the Defendant's Motion without hearing from Plaintiff. (R. 26). Plaintiff again failed to respond by the Court's deadline. The record indicates that the copy of this Order, which the Clerk of Court mailed to Austin on August 8, 2014, was returned to the Clerk as undeliverable on September 4, 2014. (R. 27). To date, the Court has received no additional communication from Plaintiff.

**II.    DISCUSSION**

Federal courts have inherent authority to dismiss an action on their own initiative if a party fails to prosecute the case or comply with a court order, the Federal Rules of Civil Procedure, or the court's own local rules. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629 (1962); *see Palasty v. Hawk*, 15 F. App'x 197, 199 (6th Cir. 2001) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)) (noting that dismissal of claims for failure to prosecute was available to the district court as a tool to manage its docket and to avoid unnecessary burdens on the court and

opposing parties, after certain plaintiffs failed to respond to a court order requiring filing status information); *Dulaney v. Webb*, No. 09-cv-141-ART, 2010 WL 3701781, at *1 (E.D. Ky. Sept. 17, 2010) (citing *Lovejoy v. Owens*, No. 92-4207, 1994 WL 91814, at *1 (6th Cir. Mar. 21, 1994)). An involuntary dismissal for failure to prosecute generally operates as an adjudication on the merits. *Pepin v. Larchwood Healthcare Group, Inc.*, 2012 WL 253328, at *2 (N.D. Ohio 2012).

A district court must consider four factors in determining whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (*citing Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)).

The first factor supports dismissal in the present case because Austin failed to (1) keep the Court informed of his current address, as he had been directed to do in prior order, and (2) failed to respond to the Defendant's Motion for Summary Judgment filed July 11, 2014, and to the August 8, 2014, Order directing him to respond. A party's failure to act in the face of a prior warning from the court that the case would be dismissed is a powerful indication of willful noncompliance. *Lovejoy v. Owens*, 1994 WL 91814, at *2 (6th Cir. 1994) (*citing Harris v. Callwood*, 844 F.2d 1254, 1256 (6th Cir. 1988)).

The second and third factors also warrant dismissal of Austin's claims. The Defendant has expended time and resources to defend this action, which Austin has apparently abandoned. Austin was warned by the Court in its initial order that failure to keep the Court apprised of his location

could result in dismissal of his case. Lastly, dismissal without prejudice under Civil Rule 41(b) will be recommended, as it would be a lesser sanction than would be dismissing the case with prejudice.

## III. CONCLUSION

The Court being sufficiently advised, **IT IS RECOMMENDED** that:

(1) Plaintiff's Complaint (R. 1) be **dismissed without prejudice** under Federal Civil Rule 41(b) for lack of prosecution and for failure to comply with Orders of this Court;

(2) Defendant's Motion for Summary Judgment (R. 25) be **denied without prejudice** in light of the recommended dismissal of this case; and,

(3) this action be **stricken** from the active docket of this Court.

Particularized objections to this Report and Recommendation must be filed with the Clerk of Court within **fourteen (14) days** of the date of service or further appeal is waived.[1] Fed. R. Civ. P. 72(b)(2); *see also United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005); *Thomas v. Arn*, 728 F.2d 813, 814-15 (6th Cir. 1984), *aff'd*, 474 U.S. 140, 155 (1985). A general objection that does not "specify the issues of contention" is not sufficient to satisfy the requirement of a written and specific objection. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)). Poorly drafted objections, general objections, or objections that require a judge's interpretation should be afforded no effect and are insufficient to preserve the right of appeal. *Howard*, 932 F.2d at 509. A party may respond to another party's objections within **fourteen (14) days** of being served with a copy. Fed. R. Civ. P. 72(b)(2).

---

[1] This objection period will serve as the necessary advance notice to Plaintiff that his actions, or lack thereof, will result in an involuntary dismissal of the case.

Dated this 22nd day of September, 2014.



Signed By:
*Candace J. Smith*
United States Magistrate Judge

G:\DATA\Orders\civil ashland\2013\13-118 R&R to dismiss.wpd